IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  14-cv-03328-WYD-KLM

SALLY RUMPF & LOUIS RUMPF,

    Plaintiffs,

v.

SUNLIGHT, INC.,

    Defendant.

## ORDER

    THIS MATTER comes before the Court on the Defendant's Motion for Intra-Division Transfer to Grand Junction for the Purpose of Trial (ECF No. 19).  Defendant requests that this action be transferred from Denver, Colorado to Grand Junction, Colorado for a jury trial.

    By way of background, this matter arises out of a ski accident where Plaintiff Sally Rumpf was allegedly injured, while skiing at the Sunlight Mountain Resort, a ski area just south of Glenwood Springs, Colorado in Garfield County, Colorado.

    Initially, I note that the District of Colorado comprises both one judicial district and one division.  Grand Junction is within the same division as Denver, thus Defendant's motion is governed by 28 U.S.C. § 1404(c), which states that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." *Id.*

    In considering a motion for an intra-division transfer, courts in the Tenth Circuit

generally look at the following factors in determining whether a transfer is proper: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical. *See Four Corners Nephrology Assocs., P.C. v. Mercy Medical Center of Durango*, 464 F. Supp. 2d 1095, 1098 (D.Colo. 2006).

As to the first factor, the plaintiff's choice of forum is given lesser weight when the plaintiff is not a resident of the forum. *Id.* Here, the Plaintiffs are both California residents, and the underlying controversy is unconnected to Denver. Thus, I give the Plaintiffs' choice of forum some weight.

Second, the Defendants argue that all of the witnesses either reside on the Western Slope of Colorado or in California, making it much easier for them to travel to a trial in Grand Junction. On the other hand, Plaintiffs assert that it is much more convenient for their California witnesses to travel into Denver than Grand Junction. I note that this case is still in the discovery phase of the litigation, and I cannot determine what witnesses will actually be called to testify at trial. Thus, Defendant may renew this request once the witness list in this case is final.

Third, I find that this factor does not weigh in any party's favor, since witnesses and documents appear to be equally accessible from either Denver or Grand Junction.

Fourth, Plaintiffs assert that they are less likely to have a fair trial in Grand Junction since the "regional pool that a Grand Junction jury will be pulled from is the less populated western part of the state, where arguably a majority of Sunlight's customers and employees live." (ECF No. 29 at 6). This factor tips slightly in favor of

Plaintiffs.

Fifth, Defendant argues that the interests of justice "favors having a regional jury within the district decide matters based on events arising within that region." (ECF No. 19 at 8 (citing *Four Corners*, 464 F. Supp. 2d at 1100)). This factor slightly favors Defendants as the events underlying this action occurred at a ski resort on the Western Slope.

Based on my careful review of the relevant factors, I do not find that they tip strongly in favor of transferring this jury trial to Grand Junction. However, given that this case is still in the early stages of litigation, I will deny Defendant's request without prejudice. Defendant may renew the motion following the entry of the Final Pretrial Order. Accordingly, it is

ORDERED that Defendant's Motion for Intra-Division Transfer to Grand Junction for the Purpose of Trial (ECF No. 19) is **DENIED WITHOUT PREJUDICE.**

Dated: August 26, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge