IN THE UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03328-WYD-KLM

SALLY RUMPF and LOUIS RUMPF

    Plaintiffs,

v.

SUNLIGHT, INC.,

    Defendant.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

TO THE HONORABLE MAGISTRATE MIX,

Plaintiffs, Sally and Louis Rumpf, ("Plaintiffs") hereby submit their Response to Defendant, Sunlight Inc.'s ("Sunlight") *Motion for Summary Judgment* [Doc. 39], and shows this Court the following:

## **INTRODUCTION**

On December 27, 2012 Plaintiffs were injured while loading a ski lift at the Sunlight Ski Resort. Specifically, Plaintiff Sally Rumpf severely injured her shoulder when she was inappropriately directed to load the ski lift by Sunlight's employee, Mr. Ned Montgomery, rather than to safely stop and wait for the next chair. In its Motion, Sunlight asserts three defenses that seek to dispose of this case, but for the reasons outlined in this Response, Sunlight is incorrect and this case should proceed to trial. First, Sunlight claims that exculpatory language on the back of the ski rental agreement and lift ticket bar the Rumpfs' lawsuit; however, as this case arises from a ski lift attendant's negligence, the exculpatory release language is inapplicable and irrelevant.

1

Second, Sunlight asserts that Plaintiffs' decision not to retain any liability experts prevents the jury from determining the merits of this case. Colorado law is clear that expert testimony is not necessary for this type of simple, non-technical factual dispute and Sunlight's attempt to impose requirements not reflected in Colorado law is misplaced. Finally, Sunlight seeks summary judgment based on its assertion that Plaintiff Sally Rumpf's actions may be considered negligent *per se* and, somehow, this assertion completely bars this lawsuit. Sunlight incorrectly applies this legal concept that, at best for Sunlight, would establish Ms. Rumpf's contributory negligence as a matter of law, but would require a jury's determination about relative percentages, if the jury agrees with Defendant's position and also finds Sunlight's conduct to constitute negligence. A party's negligence *per se* does NOT bar a claim.

Interestingly, Sunlight's Motion does not address the facts in dispute, at all, but seeks to dispose of this case entirely as a matter of law. Sunlight's misunderstanding (or misrepresentation) of Colorado law regarding the "release" on the Rumpfs' lift ticket and ski rental agreement, Sunlight's assertion that expert testimony is required in this simple negligence case and that Sunlight's assertion that Ms. Rumpf's negligence and/or negligence *per se* bars this case in its entirety is a stretch to avoid having this case presented to a jury to determine the few disputed facts that make up this lawsuit. Out of an abundance of caution, Plaintiffs show this Court that not all of Sunlight's represented "undisputed facts" merit this characterization, but also show the Court that Sunlight's Motion fails, regardless of the acceptance or rejection of these disputed facts.

## REPLY TO MOVANT'S STATEMENT OF MATERIAL FACTS

**GENERAL RESPONSE**: Plaintiffs show the Court that Defendant's "undisputed facts" are disputed and are the very subject of this factually intense dispute. To the extent necessary, Plaintiffs object to the Defendant's misrepresentation of undisputed facts to this Court. Further, Defendant states many "facts" do not establish any legal basis by which the Court could dispose of the Rumpfs' claims on summary judgment. To that end, much of Sunlight's "undisputed facts" should be stricken as they are excessive, prolix, and in violation of this Courts procedures related to summary judgment motions. *See* SENIOR JUDGE WILEY Y. DANIEL's PRACTICE STANDARDS § III(b)(2).

**RESPONSE TO FACT NO. 23**: Testimony pertaining to whether or not the chairlift in question was NOT "primarily a beginner chairlift" may factually support Sunlight's defense, but does not give the Court a basis to grant summary judgment in Sunlight's favor. Additionally, this conclusion is not case dispositive – "not being primarily a beginner chairlift" does not unequivocally make Ms Rumpf's actions inappropriate. Subject to the foregoing two Sunlight employees, Diane Light and Ned Montgomery, testified that the lift on question services beginner, intermediate, and advanced terrain. (Plaintiff Ex. A, D. Light Dep. at 28:25-29:18; Plaintiff Ex. B, N. Montgomery Dep. at 18:9-20).

**RESPONSE TO FACT NO. 25:** Louis Rumpf testified that there were no signs warning skiers as claimed by Defendant. Specifically he stated that, **"**Because I distinctly remember going through the maze thing here. There was absolutely no sign in this section here at all. The lift lines weren't there like you show in the photo." (Plaintiff Ex. C, L. Rumpf Dep. at 146:11-14,).

**RESPONSE TO FACT NO. 26:** There was no sign that stated that the lift serviced only one certain type of terrain as claimed by Defendant. (D. Light Dep. at 28:25-29:18; N. Montgomery Dep. at 18:9-20; L. Rumpf Dep. at 145:11-13, 146:11-14). It is clear from Sunlight's trail map that the lift in question services all terrain levels. (L. Rumpf Dep. at 145:11-13). (Plaintiff Ex. E, page 2, Sunlight Mountain Resort Trail Map, attached to S. Rumpf Dep. as Ex. 6).

**RESPONSE TO FACT NO. 28:** Sunlight's expert witness asserts that the chairlift in question was NOT "primarily a beginner chairlift" and "operates at a much higher speed" than other lifts. This testimony may factually support Sunlight's defense, but does not give the Court a basis to grant summary judgment in Sunlight's favor. Additionally, this conclusion is not case dispositive – "not being primarily a beginner chairlift" does not unequivocally make Ms. Rumpf's actions inappropriate. Additionally, two Sunlight employees present on the day of the accident, Diane Light and Ned Montgomery, testified that the lift on question services beginner, intermediate, and advanced terrain. (D. Light Dep. at 28:25-29:18; N. Montgomery Dep. at 18:9-20).

**RESPONSE TO FACT NO. 30:** On the day in question, Sunlight only had one attendant in the lift area. (L. Rumpf Dep. at 135:20-136:2).

**RESPONSE TO FACT NO. 32:** Mr. Rumpf was clear during his deposition that, "There was absolutely no sign in this section here at all." (L. Rumpf Dep. at 146:11-14).

**RESPONSE TO FACT NO. 34:** According to her testimony, Mrs. Rumpf did not stop at the "wait here" bar because it was covered in snow, rather, she skied to where Sunlight's attendant was standing. The attendant, Ned Montgomery, testified that the Rumpf's skied to his location and stopped. (N. Montgomery Dep. at 38:18-39:6; Ex. D, S. Rumpf Dep. at 284:3-6; L. Rumpf Dep. at 115:18-20, 116:17-117:7).

**RESPONSE TO FACT NO. 35:** According to her testimony, Ms. Rumpf did not stop at the "wait here" bar, rather, she skied to where Sunlight's attendant was standing. (N. Montgomery Dep. at 38:18-39:6). Mr. Rumpf also testified that, "So she was gliding on by like that. She wasn't in a hurry. She wasn't rushing. So I yelled "Stop." And I look at her and I can see the guy on the hill, and he tells her "Go." And my -- I was astounded, totally astounded. And I told her to stop because, again, I had been looking up the hill. I had no idea where the lift was in terms of the chairs." (L. Rumpf Dep. at 118:14-20).

**RESPONSE TO FACT NO. 36:** Ms. Rumpf was fully stopped and clear of the lift when Sunlight's attendant forcefully yelled for here to "Go!." (L. Rumpf Dep. at 118:14-20, 119:5-6; N. Montgomery Dep. at 38:18-39:6).

**RESPONSE TO FACT NO. 37:** Sunlight's expert witness asserts that Ned Montgomery acted properly when instructing Plaintiff to load the chair. This testimony may factually support Sunlight's defense, but does not give the Court a basis to grant summary judgment in Sunlight's favor.

**RESPONSE TO FACT NO. 38:** Sunlight did not have an employee stationed at the "stop" button on the day of the accident. (L. Rumpf Dep. at 85:22-86:2). Sunlight's employees were in no position to stop the lift when the chair struck Ms. Rumpf. (L. Rumpf Dep. at 131: 20-22). Further, Sunlight's employee testified that she was unable to address multiple safety concerns and merely hoped that people did not get hurt rather than intervene. (D. Light Dep. at 43:7-44:11).

**RESPONSE TO FACT NO. 39:** Again, while this testimony, if admissible, may support Sunlight's factual defense, it does not avoid the collision of disputed facts that provides for a jury's determination. Further, Sunlight's lift attendant testified that she has the opportunity to and can instruct guests to back up before loading the lift. (D. Light Dep. at 60:2-24; 61:10-20).

**RESPONSE TO FACT NO. 41:** Mrs. Rumpf did not have time to look for the center pole of the chair after following Sunlight's instructions to board the lift. (S. Rumpf Dep. at 164:4-23).

**RESPONSE TO FACT NO. 42:** Ms. Rumpf did not stop at the "wait here" bar, rather, she skied to where Sunlight's attendant was standing. This was because "the "Wait Here" bar was not visible when I came by. He [Sunlight's attendant] was -- he was standing there waiting for me, but the "Wait Here" bar was not visible." (S. Rumpf Dep. at 150:15-18).

**RESPONSE TO FACT NO. 44:** Again, while this testimony, if admissible, may support Sunlight's factual defense, it does not avoid the collision of disputed facts that provides for a jury's determination.

## STATEMENT OF ADDITIONAL DISPUTED FACTS

**ADDITIONAL DISPUTED FACT NO. 1:** Sunlight's employees had both the ability and the discretion to stop the ski lift on the day of the accident. (D. Light Dep. at 32:13-33:9).

**ADDITIONAL DISPUTED FACT NO. 2:** Sunlight's employees ignore countless viable safety concerns on an every day basis. (D. Light Dep. at 43:7-44:11; 49:4-50:25).

**ADDITIONAL DISPUTED FACT NO. 3:** Sunlight's lift operators, ushers, and ticket checkers have an expectation and guests have a duty to follow their instructions when loading a ski lift. (D. Light Dep. at 56:3-12; 56:23-57:4).

**ADDITIONAL DISPUTED FACT NO. 4:** On the day of the accident, Sally and Louis

7

Rumpf complied with Sunlight's employee's instructions regarding when to load the lift. (D. Light Dep. at 61:21-62:3; N. Montgomery Dep. at 21:1-15).

**ADDITIONAL DISPUTED FACT NO. 5:** Guests loading a center pole chair lift often look to the outside before loading the chair, and when such an occurrence happens the resort does not reprimand the guest or stop/slow down the chair lift. (D. Light Dep. at 62:7-14).

## STANDARD OF REVIEW

The Colorado Supreme Court has repeatedly cautioned that summary judgment is a disfavored, "drastic" remedy, which is "never warranted" unless it is clearly shown that there is no genuine issue of material fact remaining for trial; all doubts about the propriety of summary judgment must be resolved against the moving party. *See, e.g., Brodeur v. American Home Assurance Co.*, 169 P.3d 139, 146 (Colo. 2007) (en banc); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986); *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1340 (Colo. 1988) (en banc); *In re Tonko*, 154 P.3d 397, 402 (Colo. 2007). "A litigant is entitled to have disputed facts determined by trial, and it is only in the clearest of cases, where no doubt exists concerning the facts, that summary judgment is warranted." *Moses v. Moses*, 505 P.2d 1302, 1304 (Colo. 1973); *Anderson v. Vail Corp.*, 251 P.3d 1125, 1127 (Colo. App. 2010).

Defendant bears the burden of proving that its motion presents the "clearest of cases," and demonstrating that there is no triable issue. *Mancuso v. United Bank of Pueblo*, 818 P.2d 732, 736 (Colo. 1991). Plaintiff, as the non-moving party, is entitled

to the benefit of all favorable inferences. *See, e.g., Henisse v. First Transit, Inc.*, 247 P.3d 577, 579 (Colo. 2011) (en banc); *Rocky Mountain Festivals, Inc. v. Parsons Corp.*, 242 P.3d 1067, 1073 (Colo. 2010). The court must not assess the weight of the evidence or credibility of witnesses in determining a motion for summary judgment. *Meyer v. Haskett*, 251 P.3d 1287, 1290 (Colo. App. 2010).

Whenever summary judgment is sought, the moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record and of the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. If this initial burden of production is met, the burden shifts to the non-moving party to establish that there is a triable issue of fact. Nonetheless, the ultimate burden of persuasion always remains on Defendants, as the moving party. *See, e.g., Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708, 721-13 (Colo. 1987) (en banc); *Sanderson v. American Family Mutual Insurance Co.,* 251 P.3d 1213, 1216 (Colo. App. 2010); *D.R. Horton, Inc.-Denver v. D & S Landscaping, LLC*, 215 P.3d 1163, 1166-67 (Colo. App. 2008). *Celotex Corp. v. Catrett*, 477 U.S. 317, 317, 106 S. Ct. 258, 2549, 91 L.ED. 2d 265 (1986).

**ARGUMENT & AUTHORITIES**

I. **PLAINTIFFS HAVE NOT RELEASED THEIR CLAIMS**

Plaintiffs did not release their claims against Sunlight by virtue of exculpatory adhesion language within Sunlight's equipment rental agreement and on the back of the Ski Resorts Lift Ticket. While Sunlight relies on the 1981 Colorado Court of Appeals

9

decision in *Jones v. Dressel* 623 P.2d 599 (Colo. App. 1996) involving a skydiver injured in a plane crash, Sunlight ignores Colorado law that specifically provides negligence causes of action for skiers injured getting on and getting off ski lifts.

Sunlight's standard of care is controlled by the Colorado Supreme Court's opinion in *Bayer v Crested Butte Mountain Resort, Inc.*, 960 P.2d 70 (1998). In *Bayer,* the Plaintiff loaded a ski lift, passed out, and was injured when he fell from the lift. *Id*. The facts of *Bayer* mirror the Rumpfs' case involving an injury resulting from Defendant's negligent operation of a ski lift. *Id*. The critical common thread is that the injuries in both *Bayer* and in the Rumpfs' case occurred on the ski lift. Colorado law is clear that,

> (1) ski lift operators must exercise the highest degree of care commensurate with lift's practical operation, design, construction, maintenance and inspections, regardless of season; (2) high duty of care was not preempted or superseded by enactment of Colorado Passenger Tramway Act, or Colorado Ski Safety and Liability Act; and (3) statutory provisions under which violations of Acts constitute negligence *per se* do not bar common law negligence actions against operators of ski lifts. *Bayer v. Crested Butte Mountain Resort, Inc.*, 960 P.2d 70, 72 (Colo. 1998). *See* also *Summit County Department v. Bagnoli*, 166 Colo. at 40,441 P.2d at 664 (1968).

The *Bayer* court decided that the highest standard of care is applicable to ski lift operators because ski lifts are operated at a considerable height from the ground, over rough and elevated Colorado terrain and a fall from the lift can be calamitous. *Id*.

Passengers trust the lift operators with their safety and therefore the operation of a ski lift entails more danger and more responsibility than circumstances involving ordinary care. *Id*.

The Defendant, ignoring *Bayer*, misapplies the holding in *Jones*. The exculpatory contract relied upon by Defendant is only applicable to ski cases when the accident or injury occurs while the plaintiff is skiing or snowboarding on the slopes. The Rumpfs' injuries were caused by negligent direction in the loading of the ski lift, where the ski lift operator had the highest standard of care.

## II. EXPERT TESTIMONY IS NOT REQUIRED

Sunlight presents this Court with a faulty premise - that Plaintiffs are required to have expert testimony supporting their claims - and then asks the Court to rely on this incorrect premise in disposing of this entire lawsuit. Sunlight cleverly represents that this simple lawsuit is complicated, in an effort to require expert testimony when Plaintiffs' theory is simple and without need of liability expert witness explanation. If Sunlight chooses to respond to the simple liability theory with defensive expert witnesses, Sunlight certainly has that option, but Sunlight cannot create an obligation on the Plaintiffs to retain experts when such witnesses are not necessary for the successful – and simple – presentation of the Plaintiffs' case, and then be critical of the Plaintiffs for not complying with Sunlight's imposed requirement.[1]

---

[1] Colorado law requires expert testimony in matters involving professional negligence or involving science, profession or occupation that is beyond the comprehension of common jurors. See: *Williams v Boyle* 72 P.3d 392 (Colo. App. 2003) applying Colorado law, and *Burke v. Air Serv Int'l, Inc.*, 685 F.3d 1102, 1105 (D.C. Cir. 2012) for an illustration of other circuits reviewing the same issue.

This preventable incident occurred when Sunlight's lift attendant, Mr. Ned Montgomery, directed Ms. Rumpf to load the lift when she was in an unsafe position. The ultimate liability question for the jury in this case is whether Mr. Montgomery exercised the highest standard of care when he instructed Sally Rumpf to load the lift when she was in a precarious position. If Mr. Montgomery complied with the applicable standard of care, a jury will find in favor of Sunlight; if a jury determines that Mr. Montgomery's actions were below that standard of care, the jury will determine that such actions constitute negligence and then assess damages resulting from such negligence. Mr. Montgomery's role was similar to that of a police officer directing traffic at a controlled intersection telling a driver to "Go!" before checking to see of the intersection is clear. Like the police officer analogy, a lay person does not require expert testimony to understand the assertion that Mr. Montgomery, a ski lift operator, should not have instructed Ms. Rumpf, a resort guest, to hastily move into the path of a moving ski lift. Sunlight underestimates the jury's ability to evaluate this simple factual dispute and tries to convince this Court that a jury is too unsophisticated to understand this case without expert testimony. A jury, with or without skiing experience, is qualified to understand this theory and to accept or reject the theory in the determination of Sunlight's negligence.

If the Plaintiffs' evidence is not persuasive, a jury will find in favor of the Defendant, but allowing Sunlight to characterize a simple case as complex and then allowing Sunlight to build upon its characterization to impose an otherwise unnecessary requirement of expert testimony is contrary to Colorado law and basic fairness.

## III. PLAINTIFFS' CLAIMS ARE NOT BARRED BY NEGLIGENCE PER SE ALLEGATIONS

Negligence *per se* is not a bar to a litigant's claims and defenses; rather it acts as evidence to support claims and defenses. Here, it would be manifestly unjust for Sunlight to win on summary judgment by merely arguing that Sally Rumpf was negligent. Sunlight is attempting to apply out-dated concepts of pure comparative responsibility where a plaintiff's negligence – to any extent – created a bar to recovery. However, Colorado law has evolved, providing for comparative negligence determinations to be decided by a jury.

As an example of Sunlight's misplaced efforts, if an intersection collision occurred between a drunk driver with a green light and a driver who clearly ran a red light, claims by and between the two parties would not be barred by their own negligence *per se*, but a jury would be charged with having to sort out each party's comparative negligence, if any.

Further, Sunlight asserts that Ms. Rumpf's negligence should be considered negligence *per se* (based on the violation of a statute designed to protect the party injured by the acts of the violator), solely due to its expert's conclusion.[2]

Sunlight incorrectly asserts that Ms. Rumpf violated the Colorado Ski Safety and Liability Act and that such a violation constitutes negligence *per se*; however, the Colorado Ski Safety and Liability Act does not apply to bar actions against ski lift operators. If Sunlight's position is correct, then no causes of action for negligent loading or unloading of ski lifts could proceed to trial – a position clearly contrary to Colorado

---

[2] See: *Bittle v. Brunetti,* 750 P.2d 49, 55 (Colo. 1988); *Largo Corp. v. Crespin,* 727 P.2d 1098, 1107–08 & n. 4 (Colo.1986)

law.  See: *Bayer v Crested Butte Mountain Resort, Inc*., 960 P.2d 70 (1998); *Vaughan v. McMinn*, 945 P.2d 404, 408 (Colo. 1997).

**CONCLUSION**

Plaintiffs Sally and Louis Rumpf have asserted a simple negligence claim against Sunlight for its failure to comply with the appropriate standard of care in helping Ms. Rumpf load a ski lift on December 27, 2012. Colorado law allows this lawsuit and does not require the use of liability experts to make a *prima facie* case. Colorado does not allow basic release of claims against a ski rental company related to the rented equipment to release claims arising out of negligent lift loading.

Sunlight has failed to establish it is entitled to judgment as a matter of law and the Rumpfs respectfully ask this Court to DENY Sunlight's Motion for Summary Judgment and to allow this case to proceed toward a jury trial. The Rumpfs further ask this Court for any other relief it deems just and fair under the circumstances.

Respectfully submitted: November 23, 2015

*/s/ Michael G. Brownlee*
_____
Michael G. Brownlee
Emilie Lorden
Brownlee & Associates, LLC
12605 East Euclid Drive
Centennial, CO 80111
Phone: 970-306-3312
Fax: 303-708-1612
michael@brownleelawllc.com

Aric L. Stock
Stromberg Stock, PLLC
8750 North Central Expy, Suite 625
Dallas, Texas 75231
Telephone: (972) 458-5353

Facsimile: (972) 861-5339
Email: aric@strombergstock.com

*Attorneys for Plaintiffs, Sally and Louis Rumpf*

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served via ECF on this 23 day of November 2015, addressed to the following:

      s/ Jordan Lipp
Jordan Lipp
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: Jordan.Lipp@dgslaw.com
*Attorneys for Defendant*